DAVID YEREMIAN & ASSOCIATES, INC.
David Yeremian (SBN 226337)
david@yeremianlaw.com
Alvin B. Lindsay (SBN 220236)
alvin@yeremianlaw.com
535 N. Brand Blvd., Suite 705
Glendale, California 91203
Telephone: (818) 230-8380
Facsimile: (818) 230-0308

DAVTYAN PROFESSIONAL LAW CORPORATION
Emil Davtyan (SBN 299363)
emil@davtyanlaw.com
21900 Burbank Blvd, Suite 300
Woodland Hills, California 91367
Telephone: (818) 992-2935
Facsimile: (818) 975-5525

Attorneys for Plaintiff LUCIO SANCHEZ,
on behalf of himself and all others similarly situated

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCIO SANCHEZ, an individual, on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>AM RETAIL GROUP, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>  Defendants. | **Case No.: 4:18-cv-00287-JCS**<br><br>CLASS ACTION<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT AND COLLECTIVE ACTION FOR:**<br><br>1.  Failure to Pay Minimum Wages;<br>2.  Failure to Pay Wages and Overtime Under Labor Code § 510;<br>3.  Failure to Pay Wages Under the FLSA, 29 USC §§ 206, 207;<br>4.  Meal Period Liability Under Labor Code § 226.7;<br>5.  Rest-Break Liability Under Labor Code § 226.7;<br>6.  Violation of Labor Code §§ 226(a);<br>7.  Violation of Labor Code § 221;<br>8.  Violation of Labor Code § 203;<br>9.  Violation of Business & Professions Code § 17200 *et seq.*; and<br>10. Penalties Pursuant to Labor Code § 2699, *et seq.*<br><br>**DEMAND FOR JURY TRIAL**<br><br>Original Complaint filed: December 15, 2017<br>Date of Removal: January 12, 2018<br>Trial Date:  None set. |

- 1 -
FIRST AMENDED COMPLAINT

Plaintiff LUCIO SANCHEZ, (hereinafter "Plaintiff") on behalf of himself and all others similarly situated (collectively, "Employees"; individually, "Employee") complains of Defendants, and each of them, as follows:

## INTRODUCTION

1.     Plaintiff brings this action on behalf of himself and all current and former Employees within the State of California who, at any time four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt, hourly employees by Defendants AM RETAIL GROUP, INC. and DOES 1 through 10 (all defendants being collectively referred to herein as "Defendants").  Plaintiff alleges that Defendants, and each of them, violated various provisions of the California <u>Labor Code</u>, relevant orders of the Industrial Welfare Commission (IWC), and California <u>Business & Professions Code</u>, and also brings a collective action for Defendants' violations of the provisions of the Fair Labor Standards Act ("FLSA"), including 29 U.S.C. §§ 206 and 207, and seeks redress therefor.

2.     Plaintiff is a resident of California and, during the time period relevant to this Complaint, was employed by Defendants as a non-exempt hourly employee within the State of California at Defendants' retail store location in Commerce, California. Plaintiff worked as a non-exempt retail store employee, and consistently worked at Defendants' behest without being paid all wages due. More specifically, Plaintiff and the other similarly situated Class members were employed by Defendants and worked at Defendants' locations, with assigned responsibilities including catering to Defendants' retail store clientele throughout the State of California, and handling money for Defendants. Upon information and belief, Plaintiff was employed by Defendants and (1) shared similar job duties and responsibilities (2) was subjected to the same policies and practices (3) endured similar violations at the hands of Defendants as the other Employee Class members who served in similar and related positions.

3.     Defendants required Plaintiff and the Employees in the Class and collective to work off the clock and failed to record accurate time worked by these employees, failed to pay them at the appropriate rates for all hours worked, including by failing to include non-discretionary and performance based bonuses in the regular rate used to calculate and pay

1    overtime, and provided Plaintiff and the Class members with inaccurate wage statements that

2    prevented Plaintiff and the Class from learning of these unlawful pay practices. Defendants also

3    failed to provide Plaintiff and the Class with lawful meal and rest periods, as employees were not

4    provided with the opportunity to take uninterrupted and duty-free rest periods and meal breaks as

5    required by the <u>Labor Code</u>.

6        4.    Defendant AM RETAIL GROUP, INC. ("AM Retail") is a Delaware Corporation

7    whose web-site explains that it was created as a subsidiary of G-III Apparel Group to operate the

8    retail stores under the G-III umbrella, including those operating under the fictitious business

9    names Wilsons Leather, G. H. Bass & Co., Calvin Klein Performance, Karl Lagerfeld Paris, and

10   DKNY. According to documents submitted to the California Secretary of State, Defendant AM

11   Retail is headquartered in and maintains its principle executive offices in Brooklyn Park,

12   Minnesota and other corporate offices in New York, New York, but operates its retail locations

13   throughout California and the United States, including Wilsons Leather, DKNY, and other store

14   locations in Alameda County where certain of the Class members have been employed during the

15   relevant time periods herein, along with Commerce, California where Plaintiff was employed.

16   Defendant AM Retail resides outside of California and does not list a principal business office in

17   California with the Secretary of State, and given its presence throughout California it may be

18   subject to jurisdiction before this Court and the other California state and federal courts. At all

19   relevant times addressed herein, Defendants thus conducted business throughout California at their

20   various retail store locations, including those locations in the Northern District of California, and

21   employed the Employees in the Class and collective at locations within California, or at their retail

22   store locations in the other states in which Defendants operate.

23       5.    Defendant AM Retail maintains sufficient minimum contacts throughout Alameda

24   County and California to subject it to personal and general jurisdiction in this district, and it has

25   consented to service of process in California. This Action is brought as a Class Action on behalf of

26   similarly situated Employees of Defendants pursuant to Rule 23 of the Federal Rules of Civil

27   Procedure ("Rule 23"). Venue as to Defendants is also proper in this judicial district pursuant to

28   28 U.S.C. §1391(c). Upon information and belief, the obligations and liabilities giving rise to this

FIRST AMENDED COMPLAINT

1  lawsuit occurred in California, AM Retail operates numerous retail store locations throughout

2  California, and AM Retail has not stated a principal office or specific corporate residence in

3  California.  However, Defendant AM Retail maintains and operates store locations and employs

4  Class members in Alameda County and throughout California, and this action may therefore be

5  brought against Defendant and venued in this federal district. Defendant has asserted, in

6  connection with removal of this action, that jurisdiction in this Court is appropriate through federal

7  question and supplemental jurisdiction under 28 U.S.C. § 1337 and 28 U.S.C. §1367(a) because

8  Plaintiff's third cause of action is for unpaid regular and overtime wages under the FLSA, 29

9  U.S.C. §§ 201, 206, and 207.

10       6.    The true names and capacities, whether individual, corporate, associate, or

11  whatever else, of the Defendants sued herein as Does 1 through 10, inclusive, are currently

12  unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is

13  informed and believes and thereon alleges that Defendants designated herein as Does 1 through

14  10, inclusive, and each of them, are legally responsible in some manner for the unlawful acts

15  referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true

16  names and capacities of the Defendants designated herein as Does 1 through 10 when their

17  identities become known.

18       7.    Plaintiff is informed and believes and thereon alleges that each Defendant acted in

19  all respects pertinent to this action as the agent of the other Defendants, that Defendants carried

20  out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of

21  each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in

22  all respects as the employers or joint employers of Employees. Defendants, and each of them,

23  exercised control over the wages, hours or working conditions of Employees, or suffered or

24  permitted Employees to work, or engaged, thereby creating a common law employment

25  relationship, with Employees. Therefore, Defendants, and each of them, employed or jointly

26  employed Employees.

27  ///

28  ///

FIRST AMENDED COMPLAINT

**FACTUAL BACKGROUND**

8.      The Employees who comprise the Class and collective, including Plaintiff, are nonexempt employees pursuant to the applicable Wage Order of the IWC and applicable federal regulations. Defendants hire hourly retail store employees and other hourly managers who work in non-exempt positions at the direction of Defendants in the State of California and throughout the United States. Plaintiff and the Class members were either not paid by Defendants for all hours worked or otherwise were not paid at the appropriate minimum, regular and overtime rates. Plaintiff also contends that Defendants failed to pay Plaintiff and the Class members all wages due and owing, including by unlawful rounding or under-recording of hours worked and by failing to incorporate bonuses into the overtime rate calculation, made unlawful deductions from their pay, failed to provide meal and rest breaks, and failed to furnish accurate wage statements, all in violation of various provisions of the California Labor Code and applicable Wage Orders, and the FLSA.

9.      During the course of Plaintiff and the Class members' employment with Defendants, they were not paid all wages they were owed, including for all work performed (resulting in "off the clock" work) and for all overtime hours worked and were forced to work off-the-clock to keep labor budgets low.

10.     For example, Defendants required many of the Employee Class members to clock in and out through their store's register by entering their employee ID number. However, when the register was closed for the day, they could not clock out for the day and the time entry had to be inputted into Defendants' timekeeping system later by a manager. In doing so, store managers would be forced to estimate or guess the amount of time an Employee worked after the closing of the register but before leaving. Similar off the clock work occurred on other occasions, including before store opening or to reflect that breaks were provided when Employees remained working, and the true hours worked by employees were not recorded due to pervasive manager overrides. Additionally, senior managers and Defendants' company leadership were attuned to the requirement of providing meal periods or one hour of regular pay in lieu therefor to Employees in the Class who worked over five hour shifts but attempted to enforce invalid or otherwise coerced meal period waivers which would excuse the requirement to

FIRST AMENDED COMPLAINT

1    provide meal periods on shifts where the total hours worked is less than six hours. Accordingly,

2    Defendants' managers required off the clock work by the Employees in the Class by altering or

3    otherwise causing timekeeping inputs to reflect that employees worked less than six hours when they

4    worked more than six hours, all in an effort to avoid having to pay for all hours worked and to provide

5    meal and rest periods as required, or else failed to provide meal periods to Plaintiff and the Class

6    members when they worked shifts of over five (5) hours without having a valid meal period waiver in

7    place.

8          11.     As a matter of uniform Company policy, Plaintiff and the Class members were

9    required to work off the clock, which was not compensated by Defendants in violation of the

10   California Labor Code and the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29

11   U.S.C. §§ 201 *et seq*. Plaintiff and the Class members were also not paid regular wages and

12   overtime for the time they were required to comply with other requirements imposed upon them,

13   which they had to complete while off-duty and without compensation. Plaintiff and the Class

14   members were sometimes asked to work shifts over eight (8) hours in a day and to work over

15   forty (40) hours in a work week, but they were not paid at the appropriate overtime rate for all

16   such hours, including by being required to perform work duties and tasks without pay and while

17   off-the-clock, and Defendants miscalculated and underpaid overtime by failing to account for

18   bonuses in the regular rate used to calculate overtime payments. As a result, Plaintiff and the

19   Class members worked overtime hours during their employment with Defendants for which they

20   were not compensated, in violation of the California Labor Code and the FLSA.

21          12.     Additionally, when the Employees in the Class and collective did work overtime,

22   they were not compensated at the required and correct rate because Defendants failed to

23   incorporate incentive pay they received into the regular rate of pay used to calculate overtime.

24   More specifically, in each pay period, Employees in the Class and collective were paid incentive

25   bonuses or other seasonal bonuses, as a separate line item on their wage statements, that were

26   non-discretionary and were tied directly to the daily or weekly performance of the store and the

27   hourly retail employees and managers in the store location to which they were assigned.

28   However, contrary to the requirements of the Labor Code and IWC Wage Orders under

1    California law, and the applicable federal statutes and regulations in connection with the FLSA,

2    Defendants did not incorporate the incentive bonuses and other bonuses they paid to the

3    Employees in the Class and collective into the regular rate of pay Defendants used to calculate

4    and pay overtime to the members of the Class and collective.

5        13.     As a result of the above described requirements to work off the clock, the failure to

6    calculate and pay wages at the correct rates, the daily work demands and pressures to work through

7    breaks, and the other wage violations they endured at Defendants' hands, Plaintiff and the Class

8    members were not properly paid for all wages earned and for all wages owed to them by Defendants,

9    including when working more than eight (8) hours in any given day and/or more than forty (40) hours in

10   any given week. As a result of Defendants' unlawful policies and practices, Plaintiff and Class

11   members incurred overtime hours worked for which they were not adequately and completely

12   compensated, in addition to the hours they were required to work off the clock. To the extent

13   applicable, Defendants also failed to pay Plaintiff and the Class members at an overtime rate of 1.5

14   times the regular rate for the first eight hours of the seventh consecutive work day in a week and

15   overtime payments at the rate of 2 times the regular rate for hours worked over eight (8) on the seventh

16   consecutive work day, as required under the <u>Labor Code</u> and applicable IWC Wage Orders.

17       14.     From at least four (4) years prior to the filing of this lawsuit and continuing to the

18   present, Defendants thus had a consistent policy or practice of failing to pay Employees for all

19   hours worked, and failing to pay minimum wage for all time worked as required by California

20   Law.

21       15.     From at least four (4) years prior to the filing of this lawsuit and continuing to the

22   present, Defendants also had a consistent policy or practice of failing to pay Employees overtime

23   compensation at premium overtime rates for all hours worked in excess of eight (8) hours a day

24   and/or forty (40) hours a week, and double-time rates for all hours worked in excess of twelve (12)

25   hours a day, in violation of <u>Labor Code</u> § 510 and the corresponding sections of IWC Wage

26   Orders.

27       16.     Furthermore, during the three years immediately preceding the filing of the

28   Complaint in this action and within the statute of limitations periods applicable to the Third

FIRST AMENDED COMPLAINT

Cause of Action pled herein, Defendants employed Plaintiff and other retail store employees within the United States (collectively "FLSA Collective Members"). FLSA Collective Members were, and are, victims of Defendants' policies and/or practices complained of herein, lost money and/or property, and have been deprived of the rights guaranteed to them by the FLSA, as addressed in further detail herein. The FLSA Collective Members include of all Defendants' current and former non-exempt, hourly retail store Employees who worked based out of any of Defendants' locations throughout the United States.

17.    Additionally, Defendants failed to provide all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to the Plaintiff and the other Class members as required by the applicable Wage Order and Labor Code. Defendants did not have a policy or practice which provided or recorded all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to the Plaintiff and the other Class members. Plaintiff and other Class members were required to perform work as ordered by Defendants for more than five (5) hours during a shift, but were often required to do so without receiving a meal break.  In fact, as addressed above, Defendants followed a practice of under-reporting or rounding down hours worked in an effort to ensure that the timekeeping records for Employees reflected a shift of less than six hours when in fact the Employee worked more than six hours in an effort to avoid the meal period requirements under the Labor Code and applicable IWC Wage Orders through an alleged meal period waiver.  To the extent Defendants did not secure a first meal period waiver from an Employee in the Class who worked over five (5) hours in a shift or else operated under an invalid or otherwise unenforceable waiver, Defendants failed to provide first meal periods to these Class members. As a result, Defendants' failure to provide the Plaintiff and the Class members with all the legally required off-duty, unpaid meal periods and all the legally required off-duty, paid rest periods is and will be evidenced by Defendants' business records, or lack thereof.

18.    For at least four years prior to the filing of this action and through to the present, Plaintiff and the Class members were forced to meet the needs of Defendants' clientele, and could not be relieved to take breaks, or were required to remain on-duty at all times and were unable to take off-duty

breaks or were otherwise not provided with the opportunity to take required breaks due to Defendants'

policies and practices. On the occasions when Plaintiff and the Class members were provided with a

meal period, it was often untimely or interrupted, as they were required to respond to work demands, and

they were not provided with one (1) hour's wages in lieu thereof. Meal period violations thus occurred in

one or more of the following manners:

    (a)    Class members were not provided full thirty-minute duty free meal periods for work days in excess of five (5) hours and were not compensated one (1) hour's wages in lieu thereof, all in violation of, among others, <u>Labor Code</u> §§ 226.7, 512, and the applicable Industrial Welfare Commission Wage Order(s);

    (b)    Class members were not provided second full thirty-minute duty free meal periods for work days in excess of ten (10) hours;

    (c)    Class members were required to work through at least part of their daily meal period(s);

    (d)    Meal period were provided after five hours of continuous work during a shift; and

    (e)    Class members were restricted in their ability to take a full thirty-minute meal period.

19.    Plaintiff and the Defendants' non-exempt retail store employees were also not authorized and permitted to take lawful rest periods, were often asked by Defendants to work through or during breaks, and were not provided with one (1) hour's wages in lieu thereof. Rest period violations therefore arose in one or more of the following manners:

    (a)    Class members were required to work without being provided a minimum ten minute rest period for every four (4) hours or major fraction thereof worked and were not compensated one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not provided; and

    (b)    Class members were not authorized and permitted to take timely rest periods for every four hours worked, or major fraction thereof.

20.     Class members were also restricted in their ability to take their full ten (10) minutes net rest time or were otherwise not provided with duty-free rest periods. Therefore, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have consistently failed to provide Employees with paid rest breaks of not less than ten (10) minutes for every work period of four (4) or more consecutive hours; nor did Defendant pay Employees premium pay for each day on which requisite rest breaks were not provided or were deficiently provided.

21.     Additionally, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have regularly required Employees to work shifts in excess of five (5) hours without providing them with uninterrupted meal periods of not less than thirty (30) minutes, and shifts in excess of ten (10) hours without providing them with second meal periods of not less than thirty minutes; nor did Defendants pay Employees "premium pay," i.e. one hour of wages at each Employee's effective hourly rate of pay, for each meal period that Defendants failed to provide or deficiently provided.

22.     From at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have consistently and unlawfully collected or received wages from Employees by making automatic deduction from Employees' wages for alleged meal periods which Employees were consistently denied.

23.     As a result of these illegal policies and practices, Defendants engaged in and enforced the following additional unlawful practices and policies against Plaintiff and the Class members he seeks to represent:

a.  failing to pay all wages owed to Class members who either were discharged, laid off, or resigned in accordance with the requirements of <u>Labor Code</u> §§ 201, 202, 203;

b.  failing to pay all wages owed to the Class members twice monthly in accordance with the requirements of <u>Labor Code</u> § 204;

c.  failing to pay Class members all wages owed, including all meal and rest period premium wages; and

d.  failing to maintain accurate records of Class members' earned wages and meal period s

in violation of Labor Code  §§ 226 and 1174(d) and section    7 of the applicable IWC

Wage Orders.

24.     From at least four (4) years prior to the filing of this lawsuit, and continuing to the present, Defendants have consistently failed to provide Employees with timely, accurate, and itemized wage statements, in writing, as required by California wage-and-hour laws, including by the above-described requirement of off the clock work and failure to incorporate bonuses into the regular rate used to calculate and pay overtime. Defendants have also made it difficult to account with precision for the unlawfully withheld meal and rest period compensation owed to Plaintiff and the Class, during the liability period, because they did not implement and preserve a record-keeping method as required for non-exempt retail employees by California Labor Code §§ 226, 1174(d), and paragraph 7 of the applicable California Wage Orders. Upon information and belief, time clock punches were not maintained, or were not accurately maintained, for work shifts and meal periods, and were automatically presumed by Defendants to have been lawfully provided when they were not. Defendants also failed to accurately record and pay for all overtime hours worked and submitted by Plaintiff and the Class members, and Defendants' management would change timekeeping records to reflect that Employees worked less hours than they actually worked to avoid the requirements of providing meal periods or compensation in lieu thereof and to avoid incurring overtime. Defendants have thus also failed to comply with Labor Code § 226(a) by inaccurately reporting total hours worked and total wages earned by Plaintiff and the Class members, along with the appropriate applicable rates, among others requirements. Plaintiff and Class members are therefore entitled to penalties not to exceed $4,000.00 for each employee pursuant to Labor Code § 226(b). Defendants have also failed to comply with paragraph 7 of the applicable California IWC Wage Orders by failing to maintain time records showing when the employee begins and ends each work period, meal periods, wages earned pursuant to Labor Code § 226.7, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by the Class members.

25.     From at least four (4) years prior to filing this lawsuit and continuing to the present, Defendants have thus also had a consistent policy of failing to pay all wages owed to Employees

at the time of their termination of within seventy-two (72) hours of their resignation, as required by California wage-and-hour laws.

26.    In light of the foregoing, Employees bring this action pursuant to, *inter alia*, <u>Labor Code</u> §§ 201, 202, 203, 204, 218, 218.5, 218.6, 221, 226, 226.7, 510, 511, 512, 558, 1174, 1185, 1194, 1194.2, 1197 and 2698 and 2699 *et seq.*, and California Code of Regulations, Title 8, section 11000 *et seq.*

27.    Furthermore, pursuant to <u>Business and Professions Code</u> §§ 17200-17208, Employees seek injunctive relief, restitution, and disgorgement of all benefits Defendants have enjoyed from their violations of <u>Labor Code</u> and the other unfair, unlawful, or fraudulent practices alleged in this Complaint.

28.    <u>The Fair Labor Standards Act</u>: The Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter referred to as "FLSA"), provides for minimum standards for both minimum and regular wages and overtime entitlement, and details administrative procedures by which covered work time must be compensated. The enactment of the provisions of the FLSA provide the Courts with substantial authority to stamp out abuses and enforce the minimum wage and overtime pay provisions at issue in this Complaint. According to Congressional findings, the existence of labor conditions detrimental to the maintenance of the minimum standard of living engenders unfair commercial competition, labor disputes, and barriers to commerce and the free flow of goods in commerce, and interferes with the orderly and fair marketing of goods. Defendants violated the FLSA with the above described unlawful wage payment practices, including by not paying Employees for all hours worked at the required minimum and regular wage and for all overtime for hours worked over 40 in a workweek.

## CLASS AND COLLECTIVE ALLEGATIONS

29.    Plaintiff brings this class action on behalf of himself an all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent a Class (or "the Class" or "Class members") defined as follows: "All individuals employed by Defendants at any time during the period of four (4) years prior to the filing of this lawsuit and ending on a date as determined by the Court ("the Class Period"), and who have been employed by Defendants as

non-exempt, hourly retail store employees within the State of California."

Further, Plaintiff seeks to represent the following Subclasses composed of and defined as follows:

a.    Subclass 1.   Minimum Wages Subclass.  All Class members who were not compensated for all hours worked for Defendants at the applicable minimum wage.

b.    Subclass 2.   Wages and Overtime Subclass.  All Class members who were not compensated for all hours worked for Defendants at the required rates of pay or were otherwise not compensated for all hours worked in excess of eight in a day and/or forty in a week.

c.    Subclass 3.  Meal Period Subclass.  All Class members who were subject to Defendants' policy and/or practice of failing to provide unpaid 30-minute uninterrupted and duty-free meal periods or one hour of pay at the Employee's regular rate of pay in lieu thereof.

d.    Subclass 4.  Rest Break Subclass.  All Class members who were subject to Defendants' policy and/or practice of failing to authorize and permit Employees to take uninterrupted, duty-free, 10-minute rest periods for every 4 hours worked, or major fraction thereof, and failing to pay one hour of pay at the Employee's regular rate of pay in lieu thereof.

e.    Subclass 5.  Wage Statement Subclass.  All Class members who, within the applicable limitations period, were not provided with accurate itemized wage statements.

f.    Subclass 6.  Unauthorized Deductions from Wages Subclass.  All Class members who were subject to Defendants' policy and/or practice of automatically deducting 30-minutes worth of wages from Employees for alleged meal periods they were denied and/or by understating the hours worked by Employees.

g.    Subclass 7.  Termination Pay Subclass.  All Class members who, within the applicable limitations period, either voluntarily or involuntarily separated from their employment and were subject to Defendants' policy and/or practice of failing to timely pay wages upon termination.

h.    Subclass 8.  UCL Subclass.  All Class members who are owed restitution as a result of Defendants' business acts and practices to the extent such acts and practices are found to be

1    unlawful, deceptive, and/or unfair.

2        30.    Plaintiff also brings this action pursuant to 29 U.S.C. § 216 on behalf of a

3    collective defined as: "All current and former hourly, non-exempt retail store employees who

4    worked for Defendants at any time during the period of three (3) years prior to the filing of this

5    lawsuit and ending on a date as determined by the Court" (the "FLSA Collective"). The FLSA

6    Collective Members include of all Defendants' current and former hourly, retail store employees

7    who worked based out of any of Defendants' locations throughout the United States, including in

8    California. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate

9    Plaintiff and FLSA Collective members for all hours worked.

10       31.    Plaintiff reserves the right under <u>California Rule of Court</u> 3.765 to amend or

11   modify the Class description or the Subclass descriptions with greater particularity or further

12   division into subclasses or limitation to particular issues. To the extent equitable tolling operates to

13   toll claims by the Class against Defendants, the Class Period should be adjusted accordingly.

14       32.    Defendants, as a matter of company policy, practice and procedure, and in violation

15   of the applicable <u>Labor Code</u>, Industrial Welfare Commission ("IWC") Wage Order requirements,

16   and the applicable provisions of California law, intentionally, knowingly, and willfully, engaged

17   in a practice whereby Defendants failed to correctly calculate compensation for the time worked

18   by the Plaintiff and the other members of the Class, even though Defendants enjoyed the benefit of

19   this work, required employees to perform this work and permitted or suffered to permit this work.

20   Defendants have uniformly denied these Class members wages to which these employees are

21   entitled, and failed to provide meal periods or authorize and permit rest periods, in order to

22   unfairly cheat the competition and unlawfully profit.

23       33.    This action has been brought and may properly be maintained as a class action

24   because there is a well-defined community of interest in litigation and proposed class is easily

25   ascertainable.

26       **A.    Numerosity**

27       34.    The potential members of the class as defined are so numerous that joinder of all

28   the member of the class is impracticable. While the precise number of class member has not been

determined at this time, Plaintiff is informed and believes that Defendants employ or, during the time period relevant to this lawsuit, employed thousands of Employees who satisfy the Class definition within the State of California.

35.     Accounting for employee turnover during the relevant time period increases this number substantially. Plaintiff alleges that Defendants' employment records will provide information as to the number and location of all Class members.

**B.     Common Questions of Law and Fact Predominate**

36.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The common questions set forth above are numerous and substantial and stem from Defendants' uniform policies and/or practices of violating the California Labor Code addressed above. As such, these common questions predominate over individual questions concerning each individual Class Member's showing as to his or her eligibility for recovery or as to the amount of damages. These common questions of law and fact include:

a.     Whether Defendants failed to pay Employees minimum wages;

b.     Whether Defendants failed to pay Employees wages for all hours worked;

c.     Whether Defendants failed to pay Employees overtime as required under Labor Code § 510;

d.     Whether Defendants violated Labor Code §§ 226.7 and 512, and the applicable IWC Wage Orders, by failing to provide Employees with requisite meal periods or premium pay in lieu thereof;

e.     Whether Defendants violated Labor Code §§ 226.7, and the applicable IWC Wage Orders, by failing to provide Employees with requisite rest breaks or premium pay in lieu thereof;

f.     Whether Defendants violated Labor Code § 226(a) by providing Employees with inaccurate wage statements;

g.     Whether Defendants violated Labor Code § 221;

h.     Whether Defendants violated Labor Code §§ 201, 202, and 203 by failing to pay

wages and compensation due and owing at the time of termination of employment;

i.      Whether Defendants' conduct was willful;

j.      Whether Defendants violated <u>Labor Code</u> § 226 and § 1174 and the IWC Wage Orders by failing to maintain accurate records of Class members' earned wages and work periods;

k.      Whether Defendants violated <u>Labor Code</u> § 1194 by failing to compensate all Employees during the relevant time period for all hours worked, whether regular or overtime;

l.      Whether Defendants violated <u>Business and Professions Code</u> § 17200 *et seq.*;

m.      Whether Employees are entitled to equitable relief pursuant to <u>Business and Professions Code</u> § 17200 *et seq.*

**C.      Typicality**

37.      The claims of the named plaintiff are typical of those of the other Employees. Employees all sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of statutes, as well as regulations that have the force and effect of law, as alleged herein.

**D.      Adequacy of Representation**

38.      Plaintiff will fairly and adequately represent and protect the interest of Employees. Counsel who represents Employees are experienced and competent in litigating employment class actions.

**E.      Superiority of Class Action**

39.      A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Employees is not practicable, and questions of law and fact common to all Employees predominate over any questions affecting only individual Employees. Each Employee has been damaged and is entitled to recovery by reason of Defendants' illegal policies or practices of failing to compensate Employees properly.

40.      As to the issues raised in this case, a class action is superior to all other methods for the fair and efficient adjudication of this controversy, as joinder of all Class members is

impracticable and many legal and factual questions to be adjudicated apply uniformly to all Class members. Further, as the economic or other losses suffered by Class members may be relatively small, the expense and burden of individual actions makes it difficult for the Class members to individually redress the wrongs they have suffered.  Moreover, in the event disgorgement is ordered, a class action is the only mechanism that will permit the employment of a fluid fund recovery to ensure that equity is achieved.  There will be relatively little difficulty in managing this case as a class action, and proceeding on a class-wide basis will permit Employees to vindicate their rights for violations they endured which they would otherwise be foreclosed from receiving in a multiplicity of individual and cost prohibitive lawsuits.

41.    Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties in managing this case that should preclude class treatment. Plaintiff contemplates the eventual issuance of notice to the proposed Class members that would set forth the subject and nature of the instant action. The Defendants' own business records can be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notice is required additional media and/or mailings can be used.

42.    Defendants, as a prospective and actual employer of the Employees, had a special fiduciary duty to disclose to prospective Class members the true facts surrounding Defendants' pay practices, policies and working conditions imposed upon the similarly situated Employees as well as the effect of any alleged arbitration agreements that may have been forced upon them. In addition, Defendants knew they possessed special knowledge about pay practices and policies, most notably intentionally refusing to pay for all hours actually worked which should have been recorded in Defendants' pay records and the consequence of the alleged arbitration agreements and policies and practices on the Employees and Class as a whole.

43.    Plaintiff and the Employees in the Class did not discover the fact that they were entitled to all pay under the Labor Code until shortly before the filing of this lawsuit nor was there ever any discussion about Plaintiff's and the Class' wavier of their Constitutional rights of trial by jury, right to collectively organize and oppose unlawful pay practices under California and federal

FIRST AMENDED COMPLAINT

1  law as well as to obtain injunctive relief preventing such practices from continuing. As a result, the

2  applicable statutes of limitation were tolled until such time as Plaintiff and the Class members

3  discovered their claims.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(Against All Defendants)**

7  44.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

8  full herein.

9  45.    Defendants failed to pay Employees minimum wages for all hours worked.

10  Defendants had a consistent policy of misstating Employees time records and failing to pay

11  Employees for all hours worked. Employees would work hours and not receive wages, including

12  as alleged above in connection with off the clock work and regarding revisions made to

13  timekeeping records to reflect less time worked than was actually worked. Additionally,

14  Defendants had a consistent policy of failing to pay Employees for hours worked during alleged

15  meal and rest periods which Employees were denied, as also addressed herein. Defendants'

16  uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to

17  the Class as a whole, as a result of implementing a uniform policy and practice that denied

18  accurate compensation to Plaintiff and the other members of the Class in regard to minimum

19  wage pay.

20  46.    In California, employees must be paid at least the then applicable state minimum

21  wage for all hours worked.  (IWC Wage Order MW-2014). Additionally, pursuant to California

22  Labor Code § 204, other applicable laws and regulations, and public policy, an employer must

23  timely pay its employees for all hours worked.  Defendants failed to do so.

24  47.    California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage"

25  states:

26  The minimum wage for employees fixed by the commission is the
minimum wage to be paid to employees, and the payment of a less

27  wage than the minimum so fixed is unlawful.

28

48.     The applicable minimum wages fixed by the commission for work during the

relevant period is found in the Wage Orders. The minimum wage provisions of California Labor

Code are enforceable by private civil action pursuant to Labor Code § 1194(a) which states:

> Notwithstanding any agreem ent to work for a lesser wage, any
> employee receiving less than the leg al minimum wage or the legal
> overtime compensation applicable to   the em ployee is entitled to
> recover in a civil action the unpaid   balance of the full a mount of
> this m inimum wage or overtim e compensation, including interest
> thereon, reasonable atto       rney's fees an      d costs   of suit.

49.     As described in California Labor Code §§ 1185 and 1194.2, any action for wages

incorporates the applicable Wage Order of the California Industrial Welfare Commission. Also,

California Labor Code §§ 1194, 1197, 1197.1 and those Industrial Welfare Commission Wage

Orders entitle non-exempt employees to an amount equal to or greater than the minimum wage for

all hours worked. All hours must be paid at the statutory or agreed rate and no part of this rate may

be used as a credit against a minimum wage obligation.

50.     In committing these violations of the California Labor Code, Defendants

inaccurately calculated the correct time worked and consequently underpaid the actual time

worked by Plaintiff and other members of the Class. Defendants acted in an illegal attempt to

avoid the payment of all earned wages, and other benefits in violation of the California Labor

Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

As a result of these violations, Defendant also failed to timely pay all wages earned in accordance

with California Labor Code § 1194.

51.     California Labor Code § 1194.2 also provides for the following remedies:

> In any action under Section 1194 . . .  to recover wages because of
> the payment of a wage less than the m  inimum wages fixed by an
> order of the comm ission, an e mployee shall be entitled to recover
> liquidated dam ages in an am  ount e qual to the wages unlawfully
> unpaid and interest thereon.

52.     In addition to restitution for all unpaid wages, pursuant to California Labor Code §

1197.1, Plaintiff and Class members are entitled to recover a penalty of $100.00 for the initial

failure to timely pay each Employee minimum wages, and $250.00 for each subsequent failure to

pay each Employee minimum wages.

53.     Pursuant to California Labor Code § 1194.2, Plaintiff and Class members are further entitled to recover liquidated damages in an amount equal to wages unlawfully unpaid and interest thereon.

54.     Defendants have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Employees.

55.     Wherefore, Plaintiff and the Employee Class members are entitled to recover the unpaid minimum wages (including double minimum wages), liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a).  Plaintiff and the other members of the Class further request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent minimum wage compensation is determined to be owed to the Class members who have terminated their employment, Defendants' conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under California Labor Code § 203, which penalties are sought herein on behalf of these Class members. Defendants' failure to timely pay all wages owed also violated Labor Code § 204 and resulted in violations of Labor Code § 226 because they resulted in the issuance of inaccurate wage statements. Defendants' conduct as alleged herein was willful, intentional and not in good faith. Further, Plaintiff and other Class members are entitled to seek and recover statutory costs.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY WAGES AND OVERTIME UNDER LABOR CODE § 510

### (Against All Defendants)

56.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

57.     California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to

1  recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime

2  compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action

3  may be maintained directly against the employer in an employee's name without first filing a

4  claim with the Department of Labor Standards and Enforcement.

5      58.    By their conduct, as set forth herein, Defendants violated California Labor Code §

6  510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay Employees:

7  (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a

8  workday or in excess of forty (40) hours in any workweek or for the first eight (8) hours worked

9  on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours

10 worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of eight

11 (8) hours on any seventh day of work in a workweek. Defendants had a consistent policy of not

12 paying Employees wages for all hours worked, including by requiring off the clock work and by

13 unlawfully rounding down and under-reporting actual hours worked and by failing to incorporate

14 the incentive bonuses paid to the Employees in the Class into the regular rate used to calculate

15 and pay overtime wages, as addressed above.

16     59.    Defendants thus had a consistent policy of not paying Employees wages for all

17 hours worked. Specifically, Employees were not properly compensated, nor were they paid the

18 correct overtime rates for all hours worked in excess of eight hours in a given day, and/or forty

19 hours in a given week. Based on information and belief, Defendants did not make available to

20 Employees a reasonable protocol for correcting time records when Employees worked overtime

21 hours or to fix incorrect time entries. Defendants, and each of them, have thus intentionally and

22 improperly rounded, changed, adjusted and/or modified certain employees' hours, including

23 Plaintiff's, to avoid payment of both regular and overtime wages and other benefits in violation

24 of the California Labor Code and California Code of Regulations and the IWC Wage Orders and

25 guidelines set forth by the Division of Labor Standards and Enforcement. Defendants have also

26 violated these provisions by requiring Plaintiff and other similarly situated non-exempt retail

27 employees to work through meal periods when they were required to be clocked out or to

28 otherwise work off the clock to complete their daily job duties, or by reporting less hours than

were actually worked in order to avoid the requirement of providing Employees with their required meal periods, and by failing to incorporate non-discretionary and performance based bonuses into the regular rate used by Defendants to calculate and pay overtime compensation.

60.     Defendants' failure to pay Plaintiff and the Class members the unpaid balance of regular wages owed and overtime compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

61.     Additionally, Labor Code § 558(a) provides "any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provisions regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  (3) Wages recovered pursuant to this section shall be paid to the affected employee." Labor Code § 558(c) states, "the civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."  Defendants have violated provisions of the Labor Code regulating hours and days of work as well as the IWC Wage Orders. Accordingly, Plaintiff and the Class members seek the remedies set forth in Labor Code § 558.

62.     Defendants' failure to pay compensation in a timely fashion also constituted a violation of California Labor Code § 204, which requires that all wages shall be paid semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct violation of that provision of the California Labor Code, Defendants have failed to pay all wages and overtime compensation earned by Employees. Each such failure to make a timely payment of compensation to Employees constitutes a separate violation of California Labor Code § 204.

63.     Employees have been damaged by these violations of California Labor Code §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission).

64.     Consequently, pursuant to California <u>Labor Code</u>, including <u>Labor Code</u> §§ 204, 510, and 1194 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Employees for the full amount of all their unpaid wages and overtime compensation, with interest, plus their reasonable attorneys' fees and costs, as well as the assessment of any statutory penalties against Defendants, and each of them, and any additional sums as provided by the <u>Labor Code</u> and/or other statutes.

**THIRD CAUSE OF ACTION**

**FOR FAILURE TO PAY WAGES UNDER THE FLSA**

**(Against All Defendants)**

65.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

66.     At all relevant times hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(l).

67.     Plaintiff is informed and believes, and thereon alleges, that Defendants have required the Plaintiff and FLSA collective Employees as part of their employment to work off the clock and for less than minimum wage under 29 U.S.C. § 206(a)(1).  That Section provides the following:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of  goods for commerce, or is  employed in an enterprise engaged in commerce or in the production of  goods for commerce, wages at the following rates:
> (1) except as otherwise provided in this section, not less than—
> (A) $5.85 an hour, beginning on the 60th day after May 25, 2007;
> (B) $6.55 an hour, beginning 12 months after that 60th day; and
> (C) $7.25 an hour, beginning 24 months after that 60th day;…

68.     Plaintiff is informed and believes, and thereon alleges, that certain or all of the Employees were not exempt employees under the FLSA's overtime provisions and that Defendants also required Plaintiff and requires the FLSA collective Employees to work without overtime in excess of the forty (40) hours per week maximum under 29 U.S.C. § 207(a)(I). That Section provides the following:

1
2
3

Except as otherwise provided in this sec     tion, no e  mployer shall e  mploy any of hi   s employees ... for   a wor  kweek  longer than fort  y hours unl  ess s uch em ployee rece ives compensation for his e mployment in excess of the hours a bove specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

4    69.    In the performance of their duties for Defendants, Employees as members of the

5    FLSA collective did work off the clock and over forty (40) hours per week, received non-

6    discretionary and performance based bonuses that were not incorporated by Defendants into the

7    regular rate used to calculate and pay overtime compensation, and did not receive minimum

8    wages and other required compensation for the work, labor and services they provided to

9    Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207 and as addressed in detail

10   above.

11   70.    At all times relevant to this action, Plaintiff was an "employee" of Defendants

12   within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA. At all times relevant to this action,

13   Defendants "suffered or permitted" Plaintiff and the FLSA Collective Members to work and thus

14   "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA. At all times relevant to

15   this action, Defendants required Plaintiff and FLSA Collective Members to perform work under

16   Defendants' employ but failed to pay them the federally mandated wages and overtime

17   compensation for all services performed.

18   71.    The precise amount of unpaid wages and unpaid hours will be proven at trial, as

19   will the extent of the geographic scope of the FLSA Collective, as Defendants maintain

20   operations in California but also in other states throughout the United States. Upon information

21   and belief, Employees of Defendants in other states besides California were also subject to the

22   same uniform and unlawful company policies and practices as were the members of the FLSA

23   Collective employed in California, as addressed herein.

24   72.    The FLSA also imposes a record-keeping requirement on employers, including

25   the obligation to keep accurate records of all hours worked by employees. Defendants have

26   knowingly and willfully failed and continue to willfully fail to record, report, and/or preserve

27   accurate records of all hours worked by Plaintiff and FLSA Collective Members. By failing to

28   record, report, and/or preserve records of all hours worked by Plaintiff and the FLSA Collective

Members, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq*

73.     Plaintiff proposes to undertake appropriate proceedings to have such FLSA Class members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and to provide them with the opportunity to join this action as plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents to joinder with the Court.

74.     Defendants' violations of the FLSA were willful within the meaning of the statue and interpretive case law and decisions.

75.     Plaintiff seeks judgment against Defendants on his own behalf and on behalf of those FLSA collective employees similarly situated who file written consents to joinder in this action, for all unpaid wages, including minimum and overtime wages owed by Defendants, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b) and which may be brought in "any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

## FOURTH CAUSE OF ACTION

### MEAL-PERIOD LIABILITY UNDER <u>LABOR CODE</u> § 226.7

#### (Against All Defendants)

76.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

77.     Employees regularly worked shifts greater than five (5) hours and in some instances, greater than ten (10) hours. Pursuant to <u>Labor Code</u> § 512 an employer may not employ someone for a shift of more than five (5) hours without providing him or her with a meal period of not less than thirty (30) minutes or for a shift of more than ten (10) hours without providing him or her with a second meal period of not less than thirty (30) minutes.

78.     Defendants failed to provide Employees with meal periods as required under the <u>Labor Code</u>. Employees were consistently required to work through their meal periods which they were consistently denied, or else had their hours adjusted to reflect that they worked less than five

(5) hours or less than six (6) hours to avoid a meal period requirement or to render effective an unlawful first meal period waiver, as addressed above. Employees were also required to take meal periods, when they were provided with them, after working beyond the fifth hour of their shifts. Furthermore, upon information and belief, on the occasions when Employees worked more than 10 hours in a given shift without receiving a second uninterrupted thirty (30) minute meal period as required by law.

79.    Defendants thus failed to provide Plaintiff and the Class members with meal periods as required by the <u>Labor Code</u>, including by not providing them with the opportunity to take meal breaks, by providing them late or for less than thirty (30) minutes, or by requiring them to perform work during breaks.

80.    Moreover, Defendants failed to compensate Employees for each meal period not provided or inadequately provided, as required under <u>Labor Code</u> § 226.7 and paragraph 11 of the applicable IWC Wage Orders, which provide that, if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. Defendants failed to compensate Employees for each meal period not provided or inadequately provided, as required under <u>Labor Code</u> § 226.7.

81.    Therefore, pursuant to <u>Labor Code § 226.7</u>, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal period not provided or deficiently provided, a sum to be proven at trial, as well as the assessment of any statutory penalties against the Defendants, and each of them, in a sum as provided by the <u>Labor Code</u> and other statutes.

**FIFTH CAUSE OF ACTION**

**REST-BREAK LIABILITY UNDER <u>LABOR CODE</u> § 226.7**

**(Against All Defendants)**

82.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

83.     <u>Labor Code</u> §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that employers must authorize and permit all employees to take rest periods at the rate of ten (10) minutes net rest time per four (4) work hours, or major fraction thereof.

84.     Employees consistently worked consecutive four (4) hour shifts or worked shifts of at least 3.5 hours in duration. Pursuant to the <u>Labor Code</u> and the applicable IWC Wage Order, Employees were entitled to paid rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift, and Defendants failed to provide Employees with timely rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift.

85.     <u>Labor Code</u> §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that if an employer fails to provide an employee rest period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

86.     Defendants, and each of them, have therefore intentionally and improperly denied rest periods to Plaintiff and the Class members in violation of <u>Labor Code</u> §§ 226.7 and 512 and paragraph 12 of the applicable IWC Wage Orders.

87.     Defendants failed to authorize and permit Plaintiff and the Class members to take rest periods, as required by the <u>Labor Code</u>. Moreover, Defendants did not compensate Employees with an additional hour of pay at each Employee's effective hourly rate for each day that Defendants failed to provide them with adequate rest breaks, as required under <u>Labor Code</u> § 226.7.

88.     Therefore, pursuant to <u>Labor Code</u> § 226.7 and paragraph 12 of the applicable IWC Wage Orders, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each day worked without the required rest breaks, a sum to be proven at trial, as well as the assessment of any statutory penalties against Defendants, and each of them, in a sum as provided by the <u>Labor Code</u> and/or other statutes.

///

///

///

**SIXTH CAUSE OF ACTION**

**VIOLATION OF <u>LABOR CODE</u> § 226(a)**

**(Against All Defendants)**

89.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

90.     California <u>Labor Code</u> § 226(a) requires an employer to furnish each of his or her employees with an accurate, itemized statement in writing showing the gross and net earnings, total hours worked, and the corresponding number of hours worked at each hourly rate; these statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice a month or each time wages are paid.

91.     Defendants failed to provide Employees with accurate itemized wage statements in writing, as required by the <u>Labor Code</u>. Specifically, the wage statements given to Employees by Defendants failed to accurately account for wages, overtime, and premium pay for deficient meal periods and rest breaks, and automatically deducted wages for alleged meal periods, all of which Defendants knew or reasonably should have known were owed to Employees, as alleged above.

92.     Throughout the liability period, Defendants intentionally failed to furnish to Plaintiff and the Class members, upon each payment of wages, itemized statements accurately showing: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to <u>Labor Code</u> § 226, amongst other statutory requirements. Defendants knowingly and intentionally failed to provide Plaintiff and the Class members with such timely and accurate wage and hour

1    statements.

2          93.     Plaintiff and the Class members suffered injury as a result of Defendants' knowing

3    and intentional failure to provide them with the wage and hour statements as required by law and

4    are presumed to have suffered injury and entitled to penalties under L abor Code § 226( e), as the

5    Defendants have failed to provide a wage statem     ent, failed to provide accurate and com    plete

6    information as required by any one or more of items Labor Code § 226 (a)(1) to (9), inclusive, and

7    the Plaintiff and Class m embers cannot prom ptly and easily determ ine from the wage statem ent

8    alone one or m ore of the following: (i) The am ount of the gross wages or net wages paid to the

9    employee during the pay period or  any of the other inform ation required to be provided on the

10   itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii)

11   Which deductions the employer m ade from gross wages to determ ine the net wages paid to the

12   employee during the pay period, (iii) The nam e and address of the e mployer and, (iv) The name

13   of the employee and only the last four digits of hi s or her social security num ber or an employee

14   identification number other than a s ocial security num ber. For purposes of L abor Code § 226(e)

15   "promptly and easily determine" means a reasonable person [i.e. an objective standard] would be

16   able to readily ascertain the information without reference to other documents or information.

17         94.     Therefore, as a direct and proximate cause of Defendants' violation of Labor Code

18   § 226(a), Employees suffered injuries, including among other things confusion over whether they

19   received all wages owed them, the difficulty and expense involved in reconstructing pay records,

20   and forcing them to make mathematical computations to analyze whether the wages paid in fact

21   compensated them correctly for all hours worked.

22         95.     Pursuant to Labor Code §§ 226(a) and 226(e), Employees are entitled to recover

23   the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation

24   occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not

25   exceeding an aggregate penalty of four thousand dollars ($4,000). They are also entitled to an

26   award of costs and reasonable attorneys' fees.

27   ///

28   ///

FIRST AMENDED COMPLAINT

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF <u>LABOR CODE</u> § 221**

**(Against All Defendants)**

96.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

97.    <u>Labor Code</u> § 221 provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Additionally, pursuant to California <u>Labor Code</u> § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.  Defendants failed to do so.

98.    Defendants unlawfully received and/or collected wages from the Employees in the Class by implementing a policy of automatically deducting 30 minutes worth of vested wages, from Employees, for alleged meal periods which they were consistently denied, as well as by understating the hours worked by Employees or by failing to accurately calculate the regular rate used to calculate and pay overtime, as alleged above.

99.    As a direct and proximate cause of the unauthorized deductions, Employees have been damaged, in an amount to be determined at trial.

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF <u>LABOR CODE</u> § 203**

**(Against All Defendants)**

100.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

101.    Numerous Employees are no longer employed by Defendants; they either quit Defendants' employ or were fired therefrom.

102.    Defendants failed to pay these Employees all wages due and certain at the time of termination or within seventy-two (72) hours of resignation.

103.    The wages withheld from these Employees by Defendants remained due and owing for more than thirty (30) days from the date of separation of employment.

104.    Defendants failed to pay Plaintiff and the Class members without abatement, all wages as defined by applicable California law. Among other things, these Employees were not paid all regular and overtime wages, including by failing to pay for all hours worked or requiring off the clock work and by failing to incorporate bonuses into the regular rate used to calculate and pay overtime compensation, and failed to pay premium wages owed for unprovided meal periods and rest periods, as further detailed in this Complaint. Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code § 203.

105.    Defendants' failure to pay wages, as alleged above, was willful in that Defendants knew wages to be due but failed to pay them; this violation entitles these Employees to penalties under Labor Code § 203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

## NINTH CAUSE OF ACTION

## VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ*.

### (Against All Defendants)

106.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

107.    Plaintiff, on behalf of himself, Employees, and the general public, brings this claim pursuant to Business & Professions Code § 17200 *et seq*. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

108.    Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

109.    Business & Professions Code § 17200 *et seq*. prohibits unlawful and unfair business practices. By the conduct alleged herein, Defendants' practices were deceptive and fraudulent in that Defendants' policy and practice failed to provide the required amount of compensation for missed meal and rest breaks, and failed to adequately compensate Plaintiff and

FIRST AMENDED COMPLAINT

1    Class members for all hours worked, due to systematic business practices as alleged herein that

2    cannot be justified, pursuant to the applicable California <u>Labor Code</u> and Industrial Welfare

3    Commission requirements in violation of California <u>Business and Professions Code</u> §§ 17200, *et*

4    *seq.,* and for which this Court should issue injunctive and equitable relief, pursuant to California

5    <u>Business & Professions Code</u> § 17203, including restitution of wages wrongfully withheld.

6        110.    Wage-and-hour laws express fundamental public policies. Paying employees their

7    wages and overtime, providing them with meal periods and rest breaks, etc., are fundamental

8    public policies of California. <u>Labor Code</u> § 90.5(a) articulates the public policies of this State

9    vigorously to enforce minimum labor standards, to ensure that employees are not required or

10   permitted to work under substandard and unlawful conditions, and to protect law-abiding

11   employers and their employees from competitors who lower costs to themselves by failing to

12   comply with minimum labor standards.

13       111.    Defendants have violated statutes and public policies. Through the conduct alleged

14   in this Complaint Defendants have acted contrary to these public policies, have violated specific

15   provisions of the <u>Labor Code</u>, and have engaged in other unlawful and unfair business practices in

16   violation of <u>Business & Professions Code</u> § 17200 *et seq*.; which conduct has deprived Plaintiff,

17   and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges

18   guaranteed to all employees under the law.

19       112.    Defendants' conduct, as alleged hereinabove, constitutes unfair competition in

20   violation of the <u>Business & Professions Code</u> § 17200 *et seq*.

21       113.    Defendants, by engaging in the conduct herein alleged, by failing to pay wages and

22   overtime, failing to provide meal periods and rest breaks, etc., either knew or in the exercise of

23   reasonable care should have known that their conduct was unlawful; therefore their conduct

24   violates the <u>Business & Professions Code</u> § 17200 *et seq*.

25       114.    By the conduct alleged herein, Defendants have engaged and continue to engage in

26   a business practice which violates California and federal law, including but not limited to, the

27   applicable Industrial Wage Order(s), the California Code of Regulations, and the California <u>Labor</u>

28   <u>Code</u> including Sections 204, 226, 226.7, 512, 1194, 1197, and 1198, for which this Court should

issue declaratory and other equitable relief pursuant to California <u>Business & Professions Code</u> §

17203 as may be necessary to prevent and remedy the conduct held to constitute unfair

competition, including restitution of wages wrongfully withheld.

115.     As a proximate result of the above-mentioned acts of Defendants, Employees have

been damaged, in a sum to be proven at trial.

116.     Unless restrained by this Court Defendants will continue to engage in such

unlawful conduct as alleged above. Pursuant to the <u>Business & Professions Code</u>, this Court

should make such orders or judgments, including the appointment of a receiver, as may be

necessary to prevent the use by Defendants or their agents or employees of any unlawful or

deceptive practice prohibited by the <u>Business & Professions Code</u>, including but not limited to the

disgorgement of such profits as may be necessary to restore Employees to the money Defendants

have unlawfully failed to pay.

**TENTH CAUSE OF ACTION**

**PENALTIES PURSUANT TO <u>LABOR CODE</u> § 2699, *ET SEQ*.**

**(Against All Defendants)**

117.     Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in

full herein.

118.     Plaintiff and Employees are aggrieved employees as defined under <u>Labor Code</u> §

2699(c) in that they suffered the violations alleged in this Complaint and either were or are

employed by the alleged violators, Defendants.

119.     In failing to pay Aggrieved Employees minimum wages and overtime, not

providing proper meal and rest periods, failing to provide accurate itemized wage statements, and

failing to pay Employees wages upon termination or timely upon resignation, all discussed above,

Defendants failed to timely pay Aggrieved Employees wages on a semimonthly basis as required

under <u>Labor Code</u> § 204. Defendants also failed to maintain records showing accurate hours

worked daily and the wages paid to Aggrieved Employees, as required by <u>Labor Code</u> § 1174 and

the applicable IWC wage orders.

FIRST AMENDED COMPLAINT

120.    As such, Employees seek wages and penalties under <u>Labor Code</u> §§ 2698 and 2699 for Defendants' violation of <u>Labor Code</u> provisions included under <u>Labor Code</u> § 2699.5 and includes the penalty provisions, without limitation, based on the following California <u>Labor Code</u> sections: 201, 202, 203, 204, 221, 226, 226.7, 510, 512, 1174, 1174.5, 1185, 1194, 1194.2, 1197, 1199, 2698, and 2699, *et seq.*

121.    The penalties shall be allocated as follows: 75% to the Labor and Workforce Development Agency (LWDA) and 25% to the affected employee.

122.    Plaintiff has exhausted his administrative remedy by sending a certified letter to the LWDA and Defendants postmarked on November 10, 2017. The LWDA has not provided notice of its intent to investigate the alleged violations within 65 calendar days of the postmark date of the letter.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

1.    For an order certifying this action as a class action;

2.    For compensatory damages in the amount of the unpaid minimum wages for work performed by Employees and unpaid overtime compensation from at least four (4) years prior to the filing of this action, as may be proven;

3.    For liquidated damages in the amount equal to the unpaid minimum wage and interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

4.    For compensatory damages in the amount of all unpaid wages, including overtime and double-time pay, as may be proven;

5.    For compensatory damages in the amount of the hourly wage made by Employees for each missed or deficient meal period where no premium pay was paid therefor from four (4) years prior to the filing of this action, as may be proven;

6.    For compensatory damages in the amount of the hourly wage made by Employees for each day requisite rest breaks were not provided or were deficiently provided where no premium pay was paid therefor from at least four (4) years prior to the filing of this action, as may be proven;

7.      For penalties pursuant to <u>Labor Code</u> § 226(e) for Employees, as may be proven;

8.      For restitution and/or damages for all amounts unlawfully withheld from the wages for all class members in violation of <u>Labor Code</u> § 221, as may be proven;

9.      For penalties pursuant to <u>Labor Code</u> § 203 for all Employees who quit or were fired in an amount equal to their daily wage times thirty (30) days, as may be proven;

10.      For restitution for unfair competition pursuant to <u>Business & Professions Code</u> § 17200 *et seq*., including disgorgement or profits, as may be proven;

11.      For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

12.      For facilitated Notice under 29 USC § 216(b), compensation pursuant to the FLSA, 29 U.S.C. §§ 201, 206, 207, et seq., conditional and final certification of a Collective Action, and for interest on any compensatory damages, and attorneys' fees, interest, and costs of suit pursuant to 29 U.S.C. § 216(b);

13.      For wages and penalties under <u>Labor Code</u>, as may be proven;

14.      For penalties pursuant to <u>Labor Code</u> § 2699, *et seq.,* as may be proven;

15.      For all general, special, and incidental damages as may be proven;

16.      For an award of pre-judgment and post-judgment interest;

17.      For an award providing for the payment of the costs of this suit;

18.      For an award of attorneys' fees; and

19.      For such other and further relief as this Court may deem proper and just.

DATED: January 31, 2018            DAVID YEREMIAN & ASSOCIATES, INC.


By   /s/David Yeremian
     David Yeremian
     Alvin B. Lindsay
     Attorneys for Plaintiff LUCIO SANCHEZ
     and all others similarly situated

FIRST AMENDED COMPLAINT

1

### **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

3

4

DATED:  January 31, 2018                                 DAVID YEREMIAN & ASSOCIATES, INC.

5

6

By  /s/ David Yeremian
7

David Yeremian
Alvin B. Lindsay
8

Attorneys for Plaintiff LUCIO SANCHEZ
and all others similarly situated
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT