DAVID YEREMIAN & ASSOCIATES, INC.
David Yeremian (SBN 226337)
david@yeremianlaw.com
Alvin B. Lindsay (SBN 220236)
alvin@yeremianlaw.com
535 N. Brand Blvd., Suite 705
Glendale, California 91203
Telephone: (818) 230-8380
Facsimile: (818) 230-0308

DAVTYAN LAW FIRM
Emil Davtyan (SBN 299363)
Emil@davtyanlaw.com
880 E. Broadway
Glendale, California 91205
Telephone: (818) 875-2008
Facsimile: (818) 722-3974

Attorneys for Plaintiff LUCIO SANCHEZ and others similarly situated

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| LUCIO SANCHEZ, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AM RETAIL GROUP, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:18-cv-00287-JCS<br><br>CLASS ACTION<br><br>Assigned For All Purposes To:<br>Hon. Joseph C. Spero, Courtroom G, 15th Floor<br><br>[PROPOSED] ORDER GRANTING FINAL APPROVAL OF THIRD AMENDED JOINT STIPULATION OF SETTLEMENT OF CLASS AND COLLECTIVE ACTION CLAIMS, AND JUDGMENT<br><br>[*Filed concurrently with Notice of Motion and Motion for Final Approval and Memorandum; and Supporting Declarations of David Yeremian, Alvin B. Lindsay, and Jennifer Mills*]<br><br>*Following Final Approval Hearing on*:<br>Date:     May 29, 2020<br>Time:     9:30 a.m.<br>Location:  Courtroom G, 15th Floor<br><br>Original Complaint filed: December 15, 2017<br>First Amended Complaint: January 31, 2018<br>Second Amended Complaint:  April 30, 2018<br>Date of Removal: January 12, 2018 |

## ORDER AND JUDGMENT

This matter came before the Court on the unopposed motion by Plaintiff LUCIO SANCHEZ ("Plaintiff"), on behalf of himself and the preliminarily approved Class and Collective of similarly situated employees of Defendant AM RETAIL GROUP, INC. ("Defendant"), for final approval of the parties' Third Amended Joint Stipulation of Settlement of Class and Collective Claims ("Settlement" or "Settlement Agreement") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

The Motion for Final Approval followed and was concurrently heard with Plaintiff's Unopposed Motion for Attorneys' Fees and Costs and Class Representative Enhancement at Final Approval ("Fees and Costs Motion") (ECF No. 60), and as addressed in the parties' Settlement Agreement. A copy of the Settlement Agreement, which the Court preliminarily approved, was provided at ECF No. 56-2, and has also been provided at Exhibit A to Class Counsel David Yeremian's Declaration in support of final approval.

This Motion follows the Court's Order granting preliminary approval to the Settlement, entered on **December 23, 2019**. (ECF No. 59). On **February 18, 2020**, the Administrator (Rust Consulting, Inc.) mailed the California Class Notice to 2,881 California Class Members and the FLSA Collective Notice to 3,370 FLSA Collective Members. (*See* Declaration of Jennifer Mills in support of Final Approval ("Mills Decl."), ¶ 7). A copy of the California Class Notice and the FLSA Collective Notice, as mailed, are respectively provided at Exhibits A and B to the Mills Declaration. (*See also* ECF Nos. 56-3, 58-1). The Notices informed Class and Collective Members of the terms of the Settlement, the right to participate in the Settlement, the right to object to the Settlement, the right to request exclusion and pursue their own remedies, and the right to appear in person or by counsel at the final approval hearing regarding final approval of the Settlement.

The motion for final approval seeks final approval of the Settlement and entry of judgment that will bind each Settlement Class and Collective Member and will operate as a full release and discharge of the Released Claims as of the effective date (and as defined and detailed in the Settlement Agreement). The Court approved the definition of the Released Parties and the California Settlement Class Members' Released Claims and FLSA Settlement Collective

Members' Released Claims, as articulated in the Settlement Agreement, and did so because the release language makes it clear that the Class members are only releasing claims based on the identical factual predicate of the operative Complaint. The proposed Notices make this clear as well. The release period covered by the FLSA Settlement Collective Members' Released Claims runs through the date they cash the checks for their Individual Collective Action Settlement Payments, if they chose to do so, and their individual releases are effective on that date. The FLSA Collective Members who do not cash their Individual Collective Action Settlement Payment checks are not opting into the FLSA Collective and will not release their claims under the FLSA.

Having received and considered Plaintiff's motion for final approval of the Settlement, Plaintiff's motion for attorneys' fees, costs and Class Representative Enhancement Award, the file in this case, and the evidence and argument received by the Court before entering the Preliminary Approval Order and before and in connection with the final approval hearing, **THE COURT HEREBY ORDERS, ADJUDGES AND DECREES THAT:**

1. The terms in this Order shall have the same meaning as assigned to them in the Settlement Agreement.

2. The Settlement Administrator (Rust Consulting, Inc.) has fulfilled its initial notice and reporting duties under the Settlement Agreement.

3. The Court finally approves and conditionally certifies for settlement purposes only and pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the "California Settlement Class Members" defined as "all individuals employed by Defendant at any time from October 6, 2015 through January 31, 2019 and who have been employed by Defendant as nonexempt hourly retail store employees within the state of California."

4. The Court further finally approves and conditionally certifies, for Settlement purposes only, the "FLSA Settlement Collective Members" defined as "all current and former hourly, non-exempt retail store employees who worked for Defendant at any time during the period of December 15, 2014 through January 31, 2019 and who worked overtime and received bonuses and/or incentive pay in the same pay period." The "FLSA Settlement Collective Members" are those who affirmatively opt into the Settlement by cashing the checks for their

1  Individual Collective Action Settlement Payments, which will include language acknowledging
2  they are opting into the FLSA Collective. The relevant time period of December 15, 2014 through
3  January 31, 2019 applies to all the FLSA Collective Members including any who are also
4  members of the California Settlement Class, but the release of the FLSA claims runs through the
5  date when checks are cashed.

6      5.     The California Class Notice and the FLSA Collective Notice, at Exhibits A and B
7  to the Mills Declaration ("the Notices"), as well as the procedure set forth in the Settlement
8  Agreement for providing the Notices to the California Class Members and the FLSA Collective
9  Members by U.S. First-Class Mail, (i) was the best practicable notice under the facts and
10 circumstances of this case; (ii) was reasonably calculated to apprise Class and Collective Members
11 of the pendency of the Action, their right to participate in the Settlement, their right to exclude
12 themselves from the Settlement, and their right to object to, and/or appear at the Final Approval
13 Hearing for, the Settlement; and (iii) constituted due, adequate, and sufficient notice of a class
14 settlement under Federal Rule of Civil Procedure 23, due process, and any other applicable rules
15 or law.

16     6.     There were no objectors to the Settlement Agreement, and no requests for
17 exclusion. As there were no objectors, the effective date of the Settlement is as of entry of this
18 Order and Judgment. Therefore, under the scheduled set forth in the Settlement, the Administrator
19 will mail individual settlement payment checks to 2,881 California Class Members and 3,370
20 FLSA Collective Members, who will be paid the Net Distribution Fund without reversion to
21 Defendant. (Mills Decl., ¶¶ 13-15). The Court has approved the methods for calculating Individual
22 Settlement Payments to the California Settlement Class Members and the FLSA Settlement
23 Collective Members, as detailed in the Settlement Agreement.

24     7.     The notice of settlement served by Plaintiff on the California Labor and Workforce
25 Development Agency ("LWDA") satisfied the requirements of the PAGA. The LWDA has
26 expressed no objection to the Settlement.

8. The terms of the Settlement are fair, reasonable and adequate, and the standards and applicable requirements for final approval of this class action settlement are satisfied, including the provisions of Rule 23 of the Federal Rules of Civil Procedure.

9. The Settlement has been reached as a result of intensive, serious, and non-collusive, arms-length negotiations and was achieved with the aid of an experienced mediator over multiple sessions. The Settlement was entered into in good faith as to each Settlement Class and Collective Member.

10. Class Counsel are experienced class action litigators and have expressed the view that the Settlement is fair, reasonable and adequate.

11. Taking into consideration: the nature of the Plaintiff's claims; the nature of Defendant's defenses; the expense, complexity and likely duration of further litigation; and the risk of attaining and maintaining class action status throughout the litigation, the amounts paid under the Settlement are fair and reasonable. Moreover, the allocation of settlement proceeds among the Settlement Class and Collective Members is fair, adequate and reasonable. The fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial also supports the Court's decision granting final approval.

12. The Court appoints Plaintiff Lucio Sanchez to represent the California Class Members and the FLSA Collective Members for the purpose of entering into and implementing the Settlement.

13. The Court appoints David Yeremian and Alvin B. Lindsay and David Yeremian & Associates, Inc., and Emil Davtyan and Davtyan Law Firm, as counsel for the California Class Members and the FLSA Collective Members for the purpose of entering into and implementing the Settlement.

14. The Settlement Administrator, Rust Consulting, Inc., is to execute the distribution of proceeds pursuant to the terms of this Settlement. Pursuant to the Settlement Agreement, and as of the effective date and under the schedule provided in the Settlement Agreement, Defendant will provide the Settlement Administrator with the Total Settlement Amount of $1.3 million, which will be distributed in accordance with the Settlement Agreement.

15. As of the Effective Date, the Plaintiff and the Settlement Class Members will release Defendant and the Released Parties from the Released Claims, as those terms are defined in the Settlement Agreement. More specifically, as of the Effective Date, the California Settlement Class Members shall be permanently barred and enjoined, by operation of the entered Final Judgment, from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or tribunal any and all claims released under the Settlement. The FLSA Settlement Collective Members will be permanently barred and enjoined from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or tribunal the FLSA Settlement Collective Members' Released Claims effective as of the date if and when he or she opts-into the FLSA Settlement Collective by executing and cashing the checks for their Individual Collective Action Settlement Payments.

16. The PAGA Payment arising under the California Private Attorneys General Act of $25,000.00 is approved, with the LWDA receiving $18,750.00 and the remaining $6,250.00 being redistributed to the California Settlement Class members. Payment of that amount shall be paid from the Total Settlement Fund in accordance with the Settlement Agreement, and there shall be no further recourse for the civil penalties released under the terms of the Settlement.

17. The California Settlement Class Members are bound by the Settlement and release of the PAGA Claims or remedies under this Judgment pursuant to *Arias v. Superior Court*, 46 Cal. 4th 969 (2009). The State of California's claims for civil penalties pursuant to PAGA are also extinguished.

18. The fees, expenses, and any other costs of Rust Consulting, Inc. in administering the Settlement, in the amount of $65,000.00, are fair and reasonable. Payment of that amount shall be paid out of the Total Settlement Amount in accordance with the Settlement Agreement, which shall fully, finally and completely compensate Rust Consulting, Inc. for all fees, expenses and any other costs in administering the Settlement.

19. Based upon application by Class Counsel and Plaintiff, and his valuable contribution to this litigation, the Court approves the payment of a Class Representative Enhancement and Service Award in the amount of $5,000.00 to Plaintiff (in addition to any

recovery he may receive as a member of the California Settlement Class and the FLSA Settlement Collective) in recognition of his efforts and the risks he undertook in prosecuting this Action.

20. Based upon application by Class Counsel, the Court approves the payment of attorneys' fees to Class Counsel in the amount of $433,333.33, which is one-third of the Total Settlement Fund of $1.3 million to be paid in the manner set forth in the Settlement Agreement. Plaintiff's request for an award of reasonable litigation costs is also approved. Out of the $15,000 allocated to costs, Class Counsel has incurred $14,093.26 in costs through final approval. Class Counsel is awarded this amount, and the difference between that number and the allocated amount will be added back into the Net Distribution Fund to be distributed to the Settlement Class and Collective Members in accordance with the Settlement Agreement.

21. The Settlement Agreement and this Final Approval Order and Judgment shall have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings that encompass any of Plaintiff's claims and the Released Claims released by the Settlement Class and Collective Members. The Settlement Agreement and this Final Approval Order and Judgment shall be binding on Plaintiff and the Settlement Class and Collective Members and others acting on their behalf.

22. Plaintiff and the Settlement Class Members are permanently barred from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the claims released in the Settlement Agreement.

23. The Settlement provided for herein, and any proceedings undertaken pursuant thereto, may not be offered, received, or construed as evidence of: a presumption, concession, or an admission by any Party of liability or non-liability; the certifiability or non-certifiability the class and collective claims resolved by the Settlement; the manageability or non-manageability of the PAGA representative claims resolved by the Settlement; provided, however, that reference may be made to this Settlement in such proceedings as may be necessary to effectuate the provisions of this Settlement.

24. This Final Approval Order and Judgment of dismissal shall be entered forthwith, dismissing this Action with prejudice.

25. Without affecting the finality of the Final Approval Order and Judgment, the Court retains continuing jurisdiction over Plaintiff, Defendant, and the Settlement Class and Collective Members as to all matters concerning the administration, consummation, and enforcement of this Settlement Agreement.

26. After settlement administration and distribution of funds have been completed, the Parties shall file a report with this Court certifying compliance with the terms of the Settlement and this Order and Judgment and the Procedural Guidance for Class Action Settlements for the Northern District of California.

**IT IS SO ORDERED**

DATED: __June 1__, 2020            _____
                                   Honorable Joseph C. Spero
                                   Chief Magistrate Judge